FILED
2007 Aug-30 PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REGINALD STEELE, et al.,       }
                               }
     Plaintiffs,               }
                               }       CIVIL ACTION NO.
v.                             }       06-AR-4750-S
                               }
FORD MOTOR COMPANY,            }
                               }
     Defendant.                }

**MEMORANDUM OPINION AND ORDER**

The court has before it the motion of defendant, Ford Motor Company ("Ford"), for summary judgment. Ford contends that plaintiff, State Farm Fire and Casualty Company ("State Farm"), failed to designate an expert witness in accordance with this court's discovery requirements and thus cannot offer expert testimony at trial, precluding the establishment of a prima facie claim under the AEMLD. The issue is whether the court should permit State Farm to attempt to offer its expert when it failed to comply with this court's orders and Fed. R. Civ. P. 26(a)(2) regarding the timing and content of its expert disclosures. Although the court is not commenting on the viability of State Farm's proposed expert witness according to *Daubert* standards nor on any motion for summary judgment Ford may yet file, Ford's current motion for summary judgment will be denied.

**FACTS**

On January 12, 2007, the parties filed their planning report. The court entered its Fed. R. Civ. P. 16(b) scheduling

order on January 17, 2007.  The order instructed State Farm to submit its expert report(s) by May 1, 2007 but did not adopt the parties' planning report's additional suggestion that all State Farm's experts be made available for deposition by June 15, 2007. On February 15, 2007, State Farm filed its Rule 26(a)(1) initial mandatory disclosures and included in it a report from Crain Massengale, Inc. prepared by Clint Massengale outlining the results of an origin and cause investigation of the fire and the Ford Aerostar van at issue.  This report was not designated as an expert's report, nor did it comply with all of the requirements of Fed. R. Civ. P. 26(a)(2).

State Farm obviously did not submit its expert report by the court's May 1, 2007 deadline.  On June 8, 2007, State Farm filed its response to Ford's first set of interrogatories.  In response to Ford's interrogatory requesting the name and address of State Farm's experts and a summary of the testimony that the experts would give, State Farm stated that it had not determined who it would call as an expert but that it may call Clint Massengale. State Farm attached Massengale's report, which was originally included in its February 15, 2007 initial disclosures.  The report again did not comply with Rule 26(a)(2).

On August 1, 2007, Ford filed the instant motion for summary judgment on the theory that State Farm had not designated an expert in a timely fashion and therefore could not offer expert testimony at trial, effectively precluding a judgment in State

Farm's favor.  To the court's knowledge, this motion is Ford's first complaint of State Farm's failure to comply with the court's discovery timing requirements (other than its request in its first set of interrogatories).  On August 6, 2007, State Farm filed its expert report for Massengale in the form required by Rule 26(a)(2).

On August 17, 2007, attorneys for both parties appeared at this court's motion docket to address this motion and State Farm's Rule 56(f) motion to continue.  The court said it would rule on Ford's motion in regards to the procedural aspects only and would otherwise reserve decision.  Ford's motion was taken under advisement without oral argument on the issue of State Farm's failure to file its expert report by the court's scheduling order deadline.

## **ANALYSIS**

Ford asserts, accurately, that State Farm cannot succeed on the merits without expert testimony supporting its allegations. However, Ford also asks this court to take an extremely harsh and draconian position.  Ford argues that because State Farm did not fully and promptly comply with this court's scheduling order, State Farm should be precluded from submitting expert testimony and consequently lose this case.  While the court recognizes the necessity of deadlines and regularly requires that parties before it strictly comply with its time limits, the court also recognizes that discovery disputes are best initially handled

between the parties themselves and encourages attorneys to resolve discovery disputes without coming to court first. Had Ford followed the directions in Fed. R. Civ. P. 37(a)(2)(A) and filed a motion to compel that had gone unanswered by State Farm, the court might have resolved this dispute differently.

In addition, Ford did not comply with Rule 37(c)(1), which could have resulted in the court's prohibiting State Farm's expert testimony had Ford been able to prove that State Farm did not have substantial justification for failing to comply with the court's scheduling order and that State Farm's failure was harmful. It is unlikely, however, that the court would have found Ford to be harmed because it has been aware of Clint Massengale's involvement in State Farm's case since February, and with nearly two months of the discovery period remaining, unfair surprise would be an improbable consequence should Massengale be admitted as an expert witness. In short, the court would have been more amenable to Ford's position had Ford utilized the discovery procedures available under Rule 37.   What to do about State Farm's failure to meet the court's scheduling order deadline is a matter within the court's discretion. Various circuit courts have affirmed trial judges' decisions both allowing and prohibiting expert testimony stemming from expert reports filed outside the prescribed time limits. *See, e.g., Hagans v. Henry Weber Aircraft Distrib., Inc.*, 852 F.2d 60, 64 (3d Cir. 1988) (affirming district court's preclusion of expert

testimony) and *Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 304-5 (1st Cir. 1999)(affirming district court's decision to admit late-filed information about plaintiff's expert).  When courts have precluded the admission of expert testimony because of a violation of discovery guidelines, it is most often when the producing party has engaged in egregious delay, producing evidence often months after the discovery period has closed or even on the eve of trial.  *See, e.g., Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 59-61 (1st Cir. 2001) (affirming district court's preclusion of an expert affidavit filed three months after the close of discovery and less than three weeks before the final pretrial conference) and *S. States Rack & Fixture Co. v. Sherwin-Williams Co.*, 318 F.3d 592, 595-96 (4th Cir. 2003) (affirming district court's preclusion of expert opinion formulated on the day trial began).

In the instant case, this is not the situation.  Currently, nearly two months remain for discovery, and Ford has never asked this court for its assistance in hurrying State Farm along in designating its potential experts.  Thus, it would be unfair to dismiss State Farm's claim for its failure to comply with a discovery time limit that will not unduly prejudice Ford and that Ford has not previously complained about.

Despite the foregoing discussion, the court emphasizes what this opinion and order **does not** do.  The court is in no way

5

indicating that Massengale will be admitted as an expert. Massengale must still undergo *Daubert* review if Ford requests it. Additionally, the court notes that Ford may, at a later date and on different grounds, file a second motion for summary judgment. The court will separately rule on State Farm's motion to lift the protective order and to decide if destructive testing may occur and, if so, on what conditions, enabling State Farm's expert to attempt to construct a reasonable alternative design of the van. The parties are encouraged to file an agreed amendment to the protective order or, if they cannot agree, to submit competing versions within 14 days.

## **CONCLUSION**

For the foregoing separate and several reasons, and in an exercise of this court's discretion, Ford's motion for summary judgment is DENIED.

ORDERED this 30th day of August, 2007.

```
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE
```